**IN THE UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF TEXAS**

**AUSTIN DIVISION**

| | | |
|---|---|---|
| **KRISTIN HANNIBAL,** | § | |
|     **Petitioner,** | § | |
| | § | |
| **V.** | § | **A-07-CV-038-LY** |
| | § | |
| **NATHANIEL QUARTERMAN,** | § | |
| **Director, Texas Dept. of** | § | |
| **Criminal Justice-Correctional Institutions** | § | |
| **Division,** | § | |
|     **Respondent.** | § | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

To:    The Honorable Lee Yeakel, United States District Judge

      The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

      Before the Court is Petitioner's Application for Habeas Corpus under 28 U.S.C. § 2254 (Document 1). Petitioner, proceeding pro se, has paid the appropriate filing fee. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed.

## I.  STATEMENT OF THE CASE

**A.      Petitioner's Criminal History**

According to Petitioner, the Director has lawful and valid custody of her pursuant to a judgment and sentence of the 421st Judicial District Court of Caldwell County, Texas.  Petitioner asserts she was convicted of aggravated robbery and sentenced to 20 years in prison.  Her conviction was affirmed by the Third Court of Appeals.  Hannibal v. State, No. 03-04-00704-CR, 2005 WL 2573992 (Tex. App. – Austin Oct. 13, 2005).  Petitioner did not file a petition for discretionary review.  She also has not challenged her conviction in a state application for habeas corpus relief.

**B.      Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1.      The evidence is insufficient to support her conviction; and

2.      The trial court erred when it allowed a juvenile written confession taken illegally to be introduced as evidence at trial.

## II.   DISCUSSION AND ANALYSIS

**A.      The Antiterrorism and Effective Death Penalty Act of 1996**

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA"].[1]  The AEDPA amended 28 U.S.C. § 2244 to provide a statute of limitations for applications for habeas corpus relief filed pursuant to 28 U.S.C. § 2254.  That section provides, in relevant part:

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–

---

[1] Pub.L. No. 104-132, 110 Stat. 1214 (1996).

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

**B.      Application**

Petitioner's conviction became final, at the latest, on November 12, 2005, at the conclusion of time during which she could have filed a petition for discretionary review with the Texas Court of Criminal Appeals, which according to Tex. R. App. R. 68.2, is 30 days following the court of appeals' judgment affirming his conviction. Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003) ("The one-year limitations period began to run . . . when the 30-day period for filing a petition for discretionary review in state court ended."). Petitioner did not execute her federal application for habeas corpus relief until January 4, 2007, after the limitations period had expired.

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period. Furthermore, Petitioner has not shown that she did not know the factual predicate of her claims earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

3

### III.  RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be dismissed as time-barred.[2]

### IV.  OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See 28 U.S.C. § 636(b)(1)(C);  Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is

---

[2]The Court notes, had Petitioner's application been timely, the Court would have recommended that Petitioner's application be dismissed for failure to exhaust her state court remedies.  Petitioner did not file a petition for discretionary review or a state application for habeas corpus relief.

ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 21st day of February, 2007.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

5